[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12743
Non-Argument Calendar
_____

Agency No. A088-610-184


RUSLAN AKHMEDOVICH MAGOMEDOV,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 8, 2013)


Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Ruslan Magomedov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal from the Immigration Judge's (IJ's) denial of his application for asylum, 8 U.S.C. § 1158(a), withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).  Magomedov contends the BIA's adverse credibility finding was not supported by substantial evidence because the IJ's credibility findings were not "cogent" and did not warrant deference.  After review,[1] we deny the petition.

Under the REAL ID Act of 2005, credibility determinations are based upon the totality of the circumstances:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

---

[1]  We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  In that situation, we review the IJ's decision also.  *Id.*  Here, because the BIA issued its own decision but adopted much of the IJ's reasoning with respect to the IJ's adverse-credibility determination, we review both opinions.

8 U.S.C. § 1158(b)(1)(B)(iii).  "[T]he IJ must offer specific, cogent reasons for an adverse credibility finding." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  We review the IJ's factual determinations, including credibility, under the substantial evidence test, and only reverse that determination if the evidence "compels" a reasonable fact finder to find otherwise. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006).

The IJ gave specific and cogent reasons as to why he found Magomedov incredible, including: (1) inconsistencies between Magomedov's testimony and the forensic medical report; (2) inconsistencies between Magomedov's and his brother's testimonies; and (3) inconsistencies between Magomedov's testimony and his asylum application.  The record reveals that Magomedov testified inconsistently about the assault, his university employment, and his living situation in Russia.  The inconsistencies in the forensic medical report concerned the number of attackers, whether the attack was "domestic violence," and whether Magomedov recalled the circumstances of the attack.  Moreover, other significant discrepancies included whether Magomedov was bedridden for two months in 2004, when Magomedov also testified he defended his diploma during that period, and graduated on July 1, 2004.  Additionally, while Magomedov and his brother testified that Magomedov moved out of the family home, on the asylum application, Magomedov indicated he lived exclusively at the family home until

3

his departure to the United States.  Further, Magomedov testified he worked as an English instructor from November 2004 until his departure to the United States in June 2006, but he later testified that he stayed in his apartment between October 2005 and June 2006, and did not work.

Despite finding Magomedov's testimony incredible, the IJ considered all the evidence before denying his application.  *See Forgue*, 401 F.3d at 1287.  The BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and the evidence does not compel reversal.  *See Chen*, 463 F.3d at 1230-31;  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotations omitted).  Thus, we deny Magomedov's petition.  *See Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1215 (11th Cir. 2007) (explaining the IJ must determine credibility in withholding of removal cases in the same manner as in asylum cases); *see also Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (stating if an alien is unable to establish a well-founded fear of future persecution for purposes of asylum, he will fail to demonstrate that torture is more likely than not, for purposes of CAT relief).

**PETITION DENIED.**

4